**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. STACY M. LOERWALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-326-TCK-PJC |
| | ) |
| 1. U.S. PIPELINE, INC., a Corporation doing business in Tulsa County, Oklahoma, | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) **ATTORNEY LIEN** |
| | ) **CLAIMED** |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Stacy M. Loerwald, for her causes of action herein alleges and states as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff brings claims for gender discrimination and retaliation, contrary to the protections afforded her under Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq*.

2. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5(f)(1), 28 U.S.C. § 1331, and 28 U.S.C §1332, as it is between citizens of different states, and the amount of controversy is in excess of $75,000.00.

3. This Court has personal jurisdiction over Defendant both generally and with regard to this specific action because they have done business and are doing business in the State of Oklahoma, have sufficient contacts with the State of Oklahoma, have committed unlawful acts as against Plaintiff in Oklahoma, and the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play.

1

4. The Northern District of Oklahoma is a proper venue, pursuant to 28 U.S.C §1391(a)(2), as it is the district in which all or a substantial part of the events or omissions giving rise to the claim herein occurred.

## II. PARTIES

5. Plaintiff is an adult female residing in Oklahoma City, Oklahoma. At the time of the alleged events, Plaintiff was employed as a Heavy Equipment Operator for U.S. Pipeline through her association as a dues paying member of the International Union of Operating Engineers Local 627.

6. U.S. Pipeline, Inc. is based in Houston, Texas and continually conducts business within the State of Oklahoma and has sufficient contacts within the State. Through its agents, Defendant committed unlawful employment actions against Plaintiff while she worked as a Heavy Equipment Operator on a job site in Sand Springs, Oklahoma.

## III. PROCEDURE

7. Within 300 days of discovering and/or of the occurrence or continuation of the acts of which this Complaint is based, charges of discrimination were filed with the Equal Employment Opportunity Commission by the Plaintiff herein.

8. Plaintiff received her Right to Sue letter from the Equal Employment Opportunity Commission on or about March 18, 2014, entitling her to institute a civil action in the appropriate forum within ninety (90) days of the date of receipt of said notice.  This action was initiated within the said ninety (90) days.  Plaintiff has timely and properly exhausted her administrative remedies under Title VII.

## STATEMENT OF FACTS

9. Plaintiff is an experienced Heavy Equipment Operator, and has been operating in the construction industry since the year 1991.

2

10. On or about February 20, 2014, Plaintiff was hired by U.S. Pipeline as an Oiler, through her association and membership as a dues paying member of the International Union of Operating Engineers Local 627 (hereinafter "Union").

11. Plaintiff was the only female under the supervision of Defendant's agent, a Foreman, named Al Gentry. On or about March 9, 2014, while performing her duties, Plaintiff requested a restroom break but learned that there where no facilities available to accommodate females in the area of her designated job site.

12. Due to the inconvenience, Plaintiff was instructed by her supervisor to inform one of the male employees whenever she needed a restroom break, and they would in turn call her supervisor, Al Gentry for permission. Al Gentry refused to give Plaintiff his telephone number so that she could call him directly in times of necessity.

13. On or about March 9, 2014, Plaintiff asked for a restroom break and was told by Al Gentry to "wait until the shift was over," which was an unreasonable demand due to the duration of time remaining on her shift. During this communication, Gentry was belligerent and was yelling at Plaintiff.

14. On March 10, 2014, the following day, Plaintiff learned from Josie Schnitker, another female employee, that the Superintendent, Thad Hutchens, had told the male foremen to stay away from both Plaintiff and Schnitker and to not communicate with them. Therefore, later that same day, Plaintiff complained to Al Gentry about the discriminatory remark and inquired as to the name and contact information for the Superintendent that had made it. Immediately, Al Gentry became enraged and began yelling at Plaintiff about whether or not she wanted to keep her job and that it was none of her business.

15. On March 11, 2014, Plaintiff lodged complaints regarding the unequal treatment and conditions at Defendant's jobsite with the Business Agent of the Union. That same day, Al Gentry told Plaintiff that she was no longer needed, thereby terminating her employment.

## FIRST CAUSE OF ACTION
### [Violation of Title VII/Gender Discrimination]

16. For her first count, Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through fifteen (15) as if fully restated herein, and further alleges and states:

17. Despite her qualifications, Plaintiff was terminated from her employment by Defendant based on gender discrimination.

18. Plaintiff's gender as a female was a significant factor in Defendant's conduct and adverse employment decisions resulting in Plaintiff's termination. These acts were in violation of the Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq*.

19. Defendant's conduct in terminating Plaintiff because of her gender was intentional and was done in reckless disregard for Plaintiff's rights as protected by Title VII.

20. Plaintiff has suffered injury and damages, including lost wages and benefits, including front and back pay, compensatory damages, and punitive damages, as a result of Defendant's unlawful conduct and adverse employment actions.

## SECOND CAUSE OF ACTION
### [Retaliation ]

21. For her second cause of action, Plaintiff re-alleges and incorporates herein by reference the allegations contained in numerical paragraphs one (1) through twenty (20) above as if set forth fully herein.

22. At all times material hereto, Defendant has engaged in the retaliatory practices set forth above and has denied Plaintiff her right to equal employment opportunity in violation of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a).

23. Through the actions of agents of Defendant, Plaintiff has been retaliated against in violation of her rights under 42 U.S.C. §2000e-3(a) for Plaintiff's lodging of internal complaints against the Defendant.

24. As a direct and proximate result of the Defendant's actions, Plaintiff has been, and will be in the future, deprived of income in the form of wages and of prospective retirement benefits and other benefits due her as an employee, due to her undertaking conduct and activities that are protected under 42 U.S.C. §2000e(3)(a), all in an amount to be proved at trial. Plaintiff is entitled to recover compensation for lost wages (past, present, and future), emotional distress damages, equitable relief, punitive damages, attorney fees and costs.

### PRAYER

**WHEREFORE**, Plaintiff prays that she be granted judgment in her favor and against the Defendant on all of her claims and that this Court grant Plaintiff all available compensatory damages, both economic and non-economic, pre- and post-judgment interest, emotional distress damages, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 16th DAY OF JUNE, 2014**.

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Amber L. Hurst
Amber L. Hurst, OBA # 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahom73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
amberh@hammonslaw.com
Jury Trial Demanded
Attorney Lien Claimed
*Counsel for Plaintiff* [1]

Cynthia Rowe D'Antoni OBA#19652
*(Applying for Pro Hac Vice admission)*
The Law Offices of Smith &
D'Antonio
500 North Walker Avenue, Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 488-3800
Facsimile: (405) 488-3802
cynthiad@smithdantoniolaw.com

---

[1] Hammons, Gowens, Hurst & Associates is filing the matter on behalf of Cynthia D'Antonio, who is seeking admission *pro hac vice*.

6